

**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 16635695**
**Date Processed: 05/15/2017**

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Karen Eve Garcia vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Kaufman County District Court, Texas |
| **Case/Reference No:** | 97592CC2 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/15/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Sean Patterson<br>713-344-6121 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

<span style="color:red">EXHIBIT C-1</span>

CITATION BY MAILING                                        **Cause No. 97592CC2**
THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  **Safeco Insurance Company of Indiana**
       **by serving its registered agent of service**
       **Corporation Service Company**
       **211 East 7th Street Suite 620**
       **Austin TX  78701**

Defendant in the hereinafter styled and numbered cause:
YOU ARE HEREBY COMMANDED to appear and answer before the Honorable County Court at Law 2, Kaufman County, Texas, by filing a written answer to the **Plaintiff Karen Eve Garcia's Original Petition** of the Plaintiff at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service hereof, a copy of which accompanies the Citation, in Cause Number 97592CC2, styled Karen Garcia Vs. Safeco Insurance Company of Indiana, filed in said court on May 12, 2017.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at Kaufman, Texas, on this the 12th day of May, 2017.

RHONDA HUGHEY
DISTRICT CLERK
100 W Mulberry St
Kaufman, TX 75142
by Mul 00, Dpy _____ Deputy
Rhonda Hughey

Attorney for Plaintiff:
Sean Patterson
411 N Sam Houston Pkwy E, Suite 200
Houston TX  77060
713-344-6121

OFFICER'S RETURN BY MAILING

Came to hand the 12th day of May 2019, and executed by mailing to the Defendant certified mail, return receipt requested and with restricted delivery a true copy of this citation together with an attached copy of Plaintiff's Petition to the following address:

Safeco Ins.Co. of Indiana by serving CSC  211 East 7th St, Ste 620, Austin TX 78701
Defendant                        Address

Service upon the Defendant is evidence by the return receipt incorporated herein and attached hereto,

Signed and Dated by _____
This Citation was not executed for the following reason:

_____
____
To certify which witness my hand officially.

_____Constable
_____District Clerk Sheriff
By_____Deputy

*ATTACH RETURN RECEIPT(S) WITH ADDRESSEE'S SIGNATURE

Filed: 5/12/2017 11:49:57 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Dana Mayfield

CAUSE NO. 97592CC2 _____

| | | |
|---|---|---|
| **KAREN EVE GARCIA** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **KAUFMAN COUNTY, TEXAS** |
| | § | |
| | § | Kaufman County - County Court at Law 2 |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **INDIANA** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| *Defendant* | § | |

---

## PLAINTIFF KAREN EVE GARCIA'S ORIGINAL PETITION

---

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Karen Eve Garcia, (hereinafter referred to as "Plaintiff"), complaining of Safeco Insurance Company of Indiana, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Kaufman County, Texas.

3. Safeco Insurance Company of Indiana is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of

---

service, Corporation Service Company, located at the following address: 211 East 7th Street., Suite 620,

Austin, Texas 78701-3218.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the

jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant Safeco Insurance Company of Indiana because Defendant is a

foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's

causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Safeco

Insurance Company of Indiana sought out and marketed for insurance in Texas and has "purposefully

availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*,

301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Kaufman County, Texas, because the Property is situated in Kaufman County, Texas.

TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant Safeco Insurance Company of Indiana, (hereinafter referred

to as "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which

is located at 1777 Lone Star Blvd., Terrell, Texas 75160.

9.  Defendant Safeco Insurance Company of Indiana and/or its agent sold the Policy insuring the Property to

Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because she is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about November 28, 2016, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. Plaintiff's roof sustained extensive damage during the storm including damage to the shingles. Water intrusion from the roof damaged the interior of the home in the master bedroom closet. The Property's damage constitutes a covered loss under the Policy issued by Defendant Safeco Insurance Company of Indiana. Plaintiff subsequently opened a claim on November 28, 2016 and Defendant Safeco Insurance Company of Indiana assigned an adjuster to adjust the claim.

12. On or about November 30, 2016, Troy Wood, on behalf of Safeco Insurance Company of Indiana, inspected the property in question. The storm caused significant damage to the roof, including pitting and loss of granules to the shingles. The hail pitting damage bruised the shingles, while removing and crushing the granules. Additionally, wind damage uplifted and removed shingles.

13. Mr. Wood's unreasonable investigation of the claim included a failure to comply with Safeco Insurance Company of Indiana's policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under Safeco Insurance Company of Indiana's policies and procedures including repairs to the roof jack, drip edge, and other structural parts of the roof. Mr. Wood performed an unreasonable investigation by failing to document all the damage to the roof. Mr. Wood did not conduct a thorough roof inspection and only allowed the minimum cost to repair the roof. As a result

of Mr. Wood's unreasonable and brief investigation, Plaintiff was wrongly denied the full cost to replace the roof.

14. Mr. Wood failed to perform a reasonable interior investigation of the Property.  Water intrusion from the roof caused extensive damage to the ceiling in the master bedroom closet. Mr. Wood performed an insufficient investigation as the cause of the water intrusion. As a result of Mr. Wood's unreasonable investigation, Plaintiff was wrongly denied the full cost to repair the interior damage.

15. Defendant Safeco Insurance Company of Indiana wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

16. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

17. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

18. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level *SHALL* be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

19. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

20. Defendant's assigned adjuster acted as an authorized agent of Defendant Safeco Insurance Company of Indiana. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Safeco Insurance Company of Indiana. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

21. Defendant Safeco Insurance Company of Indiana failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

22. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

23. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

24. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

25. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26. All acts by Defendant Safeco Insurance Company of Indiana were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Safeco Insurance Company of Indiana and/or were completed in its normal and routine course and scope of employment.

27. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

28. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

31. Defendant Safeco Insurance Company of Indiana and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Defendant Safeco Insurance Company of Indiana's conduct constitutes a breach of the insurance contract made between Defendant Safeco Insurance Company of Indiana and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Safeco Insurance Company of Indiana had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

34. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and her representatives, Defendant Safeco Insurance Company of Indiana breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated

with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and

consequential damages.

### VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

35. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing

paragraphs.

36. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that

constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas

Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A.  Representing that an agreement confers or involves rights, remedies, or obligations which

        it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE

        § 17.46(b)(12));

    B.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final

        terms of a consumer transaction (§ 17.46(b)(14));

    C.  Failing to disclose information concerning goods or services which were known at the

        time of the transaction, and the failure to disclose such information was intended to

        induce the consumer into a transaction into which the consumer would not have entered

        had such information been disclosed (§ 17.46(b)(24));

    D.  Using or employing an act or practice in violation of the Texas Insurance Code (§

        17.50(a)(4));

E.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F.  Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G.  Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

37.  As described in this Original Petition, Defendant Safeco Insurance Company of Indiana represented to Plaintiff that her Policy and Safeco Insurance Company of Indiana's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

38.  As described in this Original Petition, Defendant Safeco Insurance Company of Indiana represented to Plaintiff that her Policy and Safeco Insurance Company of Indiana's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

39.  By Defendant Safeco Insurance Company of Indiana representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

40. Defendant Safeco Insurance Company of Indiana has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

41. Defendant Safeco Insurance Company of Indiana's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

42. Defendant Safeco Insurance Company of Indiana's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

43. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Safeco Insurance Company of Indiana, to her detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

44. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

45. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show herself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

46. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

47. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

A.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

B.   Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C.   Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J. Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L. Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

48. By its acts, omissions, failures and conduct, Defendant Safeco Insurance Company of Indiana has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of her detrimental reliance upon Defendant Safeco Insurance Company of Indiana's unfair or deceptive acts or practices. § 541.151(2).

49. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Safeco Insurance Company of Indiana and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

50. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant

Safeco Insurance Company of Indiana's actions and conduct were committed knowingly and

intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish

damages and additional penalty damages, in an amount not to exceed three times the amount of actual

damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and

conduct. § 541.152.

51. As a result of Defendant Safeco Insurance Company of Indiana's unfair and deceptive actions and

conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and

pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable

and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS.

CODE § 541.152 and any other such damages to which Plaintiff may show herself justly entitled by law

and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

52. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

53. From and after the time Plaintiff's claim was presented to Defendant Safeco Insurance Company of

Indiana, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was

more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being

no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment.

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles*

*v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its

insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

54. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

55. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

56. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

57. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

58. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

59. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

60. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

62. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

63. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

64. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

65. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas

Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

66. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests

that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day

after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

67. Plaintiff demands a jury trial, consisting of citizens residing in Kaufman County, Texas, and tenders the

appropriate fee with this Original Petition.

## DISCOVERY

68. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant

respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Safeco Insurance

Company of Indiana, disclose all information and/or material as required by Rule 194.2, paragraphs

(a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Safeco Insurance Company of Indiana's complete claim files from the home, regional

and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including

copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in her attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Safeco Insurance Company of Indiana's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Safeco Insurance Company of Indiana intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Safeco Insurance Company of Indiana and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Safeco Insurance Company of Indiana and its assigned adjuster, and all correspondence between Safeco Insurance Company of Indiana and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person Safeco Insurance Company of Indiana expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.  If Safeco Insurance Company of Indiana or Safeco Insurance Company of Indiana's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Safeco Insurance Company of Indiana or any of Safeco Insurance Company of Indiana's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.  Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Safeco Insurance Company of Indiana's investigation.

5.  Please state the following concerning notice of claim and timing of payment:

    a.  The date and manner in which Safeco Insurance Company of Indiana received notice of the claim;

    b.  The date and manner in which Safeco Insurance Company of Indiana acknowledged receipt of the claim;

    c.  The date and manner in which Safeco Insurance Company of Indiana commenced investigation of the claim;

    d.  The date and manner in which Safeco Insurance Company of Indiana requested from the claimant all items, statements, and forms that Safeco Insurance Company of Indiana reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.  The date and manner in which Safeco Insurance Company of Indiana notified the claimant in writing of the acceptance or rejection of the claim.

6.   Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.   Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.   When was the date Safeco Insurance Company of Indiana anticipated litigation?

9.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Safeco Insurance Company of Indiana's document retention policy.

10.   Does Safeco Insurance Company of Indiana contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11.   Does Safeco Insurance Company of Indiana contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.   Does Safeco Insurance Company of Indiana contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe Safeco Insurance Company of Indiana's bonus or incentive plan for adjusters.

## CONCLUSION

69. Plaintiff prays that judgment be entered against Defendant Safeco Insurance Company of Indiana and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Defendant Safeco Insurance Company of Indiana, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the herself to be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ Sean Patterson*
McCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Sean Patterson
State Bar No. 24073546
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Sean@mma-pllc.com

**ATTORNEYS FOR PLAINTIFF**

*Rhonda Hughey*
*Kaufman County District Clerk*
*100 W Mulberry St*
*Kaufman, TX 75142*

7016 3010 0000 0813 0950

Safeco Insurance Co. of Indiana
Reg. Agent, Corporation Service
Company
211 East 7th St, Ste 620
Austin, TX 78701